UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN GRAHAM GILBERT, | ) |
|     Plaintiff, | ) ) ) |
| v. | )     2:24-cv-00371-JAW ) |
| MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) |
|     Defendant | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff commenced this action against the Maine Department of Health and Human Services (DHHS) alleging that when he was a resident of Riverview Psychiatric Center (Riverview) in 2022, he requested but did not receive a ballot to vote in the 2022 election. (Complaint, ECF No. 1.) Plaintiff filed an application to proceed without prepayment of fees, (ECF No. 3), which application the Court granted. (Order, ECF No. 5.) In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's filings, unless Plaintiff amends the complaint to allege an actionable claim, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges in relevant part:

> While at [Riverview] during the 2022 election I was not afforded my right to vote. I was in their custody with no way to obtain a ballot … and there was

a sign up sheet for voting. I signed up with the first name on the list. My ballot never came. I pleaded with staff to get my ballot, and nothing was done.

(Complaint at 7.)[1]

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint

---

[1] Although Plaintiff does not specify the election for which he requested a ballot, for purposes of the preliminary review of Plaintiff's complaint, I assume Plaintiff is referencing the November 2022 election.

'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff alleges that he "was not afforded [his] right to vote" when he was a civil inpatient at a psychiatric hospital. Although states have an interest in limiting voter participation to those who are "able to understand the nature and effect of the voting act itself," and although federal law provides that states may restrict voting participation where there is a finding of "mental incapacity," courts have recognized that states may not deprive an individual of her or his fundamental constitutional rights, including the right to vote, merely because the person has a mental illness or is committed to a psychiatric hospital. *See Doe v. Rowe*, 156 F. Supp. 2d 35, 48–59 (D. Me. 2001); 52 U.S.C. § 20507(a)(3)(B).

Plaintiff does not allege that Maine law explicitly limits voting based on mental illness or hospitalization, and the statutes are to the contrary. *See, e.g.*, 34-B M.R.S. 3803(1) ("A patient in a psychiatric hospital or residential care facility . . . is entitled to exercise all civil rights, including . . . the right to vote . . . unless" (A) the chief administrative officer determines that it is necessary to impose a restriction for the medical welfare of the patient, (B) the patient has been adjudicated incompetent, or (C) the exercise of the right is restricted by other statute or rule). Although Plaintiff references the Fifteenth

Amendment,[2] he provides no facts that suggest his race was in any way relevant to his claim. Rather, Plaintiff evidently contends that Riverview breached a legal obligation to facilitate his right to vote in the 2022 election.

Plaintiff, however, provides only limited facts in support of his claim. Plaintiff asserts only that (1) he wrote his name on a sign-up sheet, (2) he asked "staff" for his ballot, and (3) he did not receive a ballot. Plaintiff did not describe, for example, why he was at Riverview, when he was there, who he contacted, when he contacted them, what he said to them, or what any staff member did afterward. Without information regarding the circumstances of Plaintiff's stay at Riverview or the timing and nature of his efforts to vote, a factfinder could not plausibly infer that his inability to vote was due to a staff member intentionally preventing him from obtaining and casting a ballot, as opposed to any other factual possibility, such as inadequate time, an innocent mistake, or a determination that Plaintiff was ineligible for any other reason. In other words, the factual content of the complaint is inadequate to move a discernible legal claim "across the line from conceivable to plausible" entitlement to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009).

The absence of factual detail is also problematic because the relief Plaintiff seeks—an award of monetary damages—is not available against the only named defendant, DHHS. Under the doctrine of sovereign immunity exemplified by the Eleventh Amendment, a state government may not be sued unless it voluntarily waives its immunity or the immunity is

---

[2] "The Fifteenth Amendment promises that the 'right of citizens of the United States to vote shall not be denied or abridged ... on account of race, color, or previous condition of servitude.' U.S. Const., Amdt. 15, § 1." *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 197 (2009).

clearly abrogated by valid federal legislation. *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). Nothing in the complaint suggests there has been a waiver or abrogation of the State's sovereign immunity.

"[T]he exception to [sovereign] immunity laid out in *Ex Parte Young*, 209 U.S. 123 (1908), allows federal courts to grant prospective injunctive relief to prevent a continuing violation of federal law, in part because a suit challenging the constitutionality of a state official's action in enforcing state law is not one against the State." *Doe v. Shibinette*, 16 F.4th 894, 903 (1st Cir. 2021) (internal quotation marks and modifications omitted). Even if Plaintiff had named a state official rather than a state agency, and even if Plaintiff's request for "some sort of remedy to the problem of not getting civil in-patients their ballot that's to the plaintiff's liking" (Complaint at 7) could be construed as a request for prospective injunctive relief, because Plaintiff is no longer at Riverview and has not alleged that he will be again, the complaint does not "establish a real and immediate threat" that Plaintiff will again suffer the same harm. Without establishing a threat of future harm, a hypothetical claim for prospective relief capable of surviving the doctrine of sovereign immunity would fail because the Court could not find that Plaintiff has the requisite standing to obtain prospective relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).[3]

---

[3] Although I have not considered whether Plaintiff could allege a plausible claim with additional facts, I note that there could be some additional legal impediments to Plaintiff's ability to assert an actionable claim. *See Beall v. Hogan*, No. GJH-16-3678, 2017 WL 3701851, at *3–4 (D. Md. Aug. 25, 2017) (finding that staff of state psychiatric hospital had "no obligation to provide [Plaintiff] with an absentee ballot" and sovereign immunity barred official capacity claims).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, unless within the fourteen-day period to file an objection to this Recommended Decision, Plaintiff amends the complaint to allege an actionable claim, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of December, 2024.