UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DUSTIN GRAHAM GILBERT,          )
                               )
    Plaintiff                  )
                               )
    v.                         )          2:24-cv-00371-JAW
                               )
MAINE DEPARTMENT OF            )
HEALTH AND HUMAN SERVICES,     )
                               )
    Defendant                  )

**ORDER ON RECOMMENDED DECISION AND OBJECTION**

The court affirms in part and reverses in part an order issued by a federal magistrate judge recommending the court dismiss a claim alleging the Maine Department of Health and Human Services deprived a patient, then a resident at a state psychiatric center, of his constitutional right to vote. The court dismisses the claims brought pursuant to the Fifteenth Amendment, Article I of the U.S. Constitution, and the employment provisions of the Americans with Disabilities Act (ADA) but concludes the plaintiff should be allowed to proceed with his claim based on an alleged violation of the voting rights provisions of the ADA.

## I.    BACKGROUND

On November 1, 2024, Dustin Graham Gilbert, acting pro se, filed a complaint against the Maine Department of Health and Human Services (Maine DHHS) pursuant to the Fifteenth Amendment to the United States Constitution, alleging he was deprived of his right to vote while in the care of a psychiatric hospital. *Compl.* at 4, 7 (ECF No. 1). He specifically claims that while in civil inpatient residence at

Riverview Psychiatric Center, he requested but never received a ballot for the 2022 election.[1] *Id.* at 7.

On December 9, 2024, the United States Magistrate Judge recommended the Court dismiss Mr. Gilbert's complaint. *Recommended Decision after Rev. of Pl.'s Compl.* (ECF No. 9) (*Recommended Decision*). Mr. Gilbert objected to the Recommended Decision on December 19, 2024. *Obj. to Rep. and Recommended Decision* (ECF No. 10) (*Pl.'s Obj.*). On December 23, 2024, after the order was taken under advisement, Mr. Gilbert filed additional attachments in support of his objection. *Additional Attachs.* (ECF No. 11).

## II.    THE MAGISTRATE JUDGE'S RECOMMENDED DECISION

Pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommends the Court dismiss Mr. Gilbert's complaint brought against Maine DHHS for several reasons. First, the Magistrate Judge concludes dismissal is appropriate because the Fifteenth Amendment promises that the "right of citizens of the United States to vote shall not be denied or abridged . . . on account of race, color, or previous condition of servitude," *Recommended Decision* at 4 n.2 (quoting U.S. CONST. amend. XV), and Mr. Gilbert "provides no facts that suggest his race was in any way relevant to his claim." *Id.* at 3-4.

---

[1]    The Magistrate Judge's Recommended Decision addressing Mr. Gilbert's complaint correctly observes that the Plaintiff had not specified for which election in 2022 he requested a ballot. *Recommended Decision after Rev. of Pl.'s Compl.* at 2 n.1 (ECF No. 9) (*Recommended Decision*). The Magistrate Judge assumed that Mr. Gilbert was referring to the 2022 election. *Id.* In his objection, Mr. Gilbert confirmed he was a resident at Riverview at the time of the 2022 election. *Obj. to Rep. and Recommended Decision* at 1 (ECF No. 10) (*Pl.'s Obj.*). ("When I was at R[i]verview is roughly stated as the 2022 election and that should provide enough for the Magistrate to know. It was October/November [. . .] which I planned on providing exact dates later"). Based on Mr. Gilbert's clarification, the Court concludes that he has been referring to the November 2022 election.

Second, the Magistrate Judge recommends dismissal because the complaint provides only limited facts in support of an entitlement to relief: "Plaintiff asserts only that (1) he wrote his name on a sign-up sheet, (2) he asked 'staff' for his ballot, and (3) he did not receive a ballot." *Id.* at 3. "Without information regarding the circumstances of Plaintiff's stay at Riverview or the timing and nature of his efforts to vote," the Magistrate Judge determines that "a factfinder could not plausibly infer that his inability to vote was due to a staff member intentionally preventing him from obtaining and casting a ballot," such that "the factual content of the complaint is inadequate to move a discernible legal claim 'across the line from conceivable to plausible' entitlement to relief." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

Third, the Magistrate Judge concludes that this absence of factual detail is especially problematic for the present claim because the Plaintiff seeks an award of monetary damages against Maine DHHS, relief typically barred under the Eleventh Amendment. *Id.* at 4-5.

## III.   DUSTIN GILBERT'S OBJECTION AND ADDITIONAL ATTACHMENTS

### A.    Dustin Gilbert's Objection to the Recommended Decision

Mr. Gilbert objects to the Magistrate Judge's Recommended Decision. First, he says, he brought his claim pursuant to the Fifteenth Amendment because "the form asked for an Amendment rather than an Article," and "[he] will amend here if citing an Article is allowed, that Article 1 of the U.S. Constitution was violated by Riverview staff." *Pl.'s Obj.* at 1. Second, Mr. Gilbert says the Magistrate Judge's

questions as to why he was at Riverview are "irrelevant and unnecessary." *Id.* In response to the Magistrate Judge's discussion of the lack of relevant information, Mr. Gilbert additionally says "[he] spoke to everyone [he] could see behind the huge desk on the unit, and those people are 'mental health workers' . . .. [he] think[s] everyone on the unit and all the staff knew I didn't have my ballot before the election." *Id.* He alleges further that he contacted several staff about obtaining a ballot "well in advance of the election." *Id.* In conclusion he avers "[his] statement of what happened can be discovered by a factfinder and moves a discernable legal claim 'across the line from conceivable to plausible' entitlement to relief." *Id.* Third, Mr. Gilbert tells the Court he is a "disabled U.S. citizen collecting SSDI with numerous diagnos[es] mostly dealing with BiPolar, Schizoaffective Disorder, PTSD, Traumatic Brain Injuries, Insomnia and mania." *Id.* at 2. He argues "42 U.S.C. [§] 12202 states that states are not immune from lawsuits in federal or state court for [ADA] violations," and "not getting [him] [his] ballot . . . violated the ADA too." *Id.* Mr. Gilbert concludes his objection by reasserting that these violations entitle him to $3,000,000 in punitive damages. *Id.*

### B.    Dustin Gilbert's Additional Attachments

On December 23, 2024, Mr. Gilbert filed a memorandum as an additional attachment to his objection. *Additional Attachs.* The memorandum says, in its entirety, "I have obtained the grievance proving Riverview failed to get me my ballot (by Riverview's own admission) and the staff I dealt with as a whole are at fault. Riverview Advocates' office provided the grievance." *Id.* at 1 (emphasis in original).

He also informs the Court in a postscript note that he has "received a replica of the sign-up sheet." *Id.*

## IV.    LEGAL STANDARD

The Court reviews the Magistrate Judge's order for clear errors or holdings contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [designated to a magistrate judge] where it has been shown that the [magistrate judge's] order is clearly erroneous or contrary to law"); FED. R. CIV. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"). When reviewing for clear error, the Court "accept[s] the magistrate judge's findings of fact and the conclusions drawn therefrom unless, after analyzing the entire record, [it] 'form[s] a strong, unyielding belief that a mistake has been made.'" *In re HIPAA Subpoena (Patient Servs., Inc.)*, 961 F.3d 59, 64 (1st Cir. 2020) (citing *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999)). Questions of law are reviewed de novo, *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010), while "[m]ixed questions of law and fact invoke a sliding standard of review." *FERC v. Silkman*, No. 1:16-CV-00205-JAW, 2017 U.S. Dist. LEXIS 211538, at *10-11 (citing *In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013)).

## V.    DISCUSSION

As the Court understands them, Mr. Gilbert's complaint and his objection to the Recommended Decision plead three pathways to relief: the Fifteenth Amendment, Article I, and the ADA. The Fifteenth Amendment claim is the only one that appears

in the complaint, and thus the only one the Magistrate Judge had an opportunity to respond to; the Court addresses it first.

### A.    The Fifteenth Amendment Claim in the Complaint

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a de novo determination of all matters adjudicated by the Recommended Decision.  The Court concurs with the recommendations of the Magistrate Judge regarding Mr. Gilbert's Fifteenth Amendment claim for the reasons set forth in his Recommended Decision and discussed above.  At bottom, the Plaintiff does not argue or provide any evidence which would allow the Court to conclude he was deprived of his constitutional right to vote on account of his race.  The Court affirms the Magistrate Judge's dismissal of Mr. Gilbert's Fifteenth Amendment claim.

### B.    The Article I and ADA Claims in the Objection

The Court now turns to Mr. Gilbert's claims brought pursuant to Article I and the ADA, which he raises for the first time in his objection to the Recommended Decision.  Pursuant to Federal Rule of Civil Procedure 72, a party "may serve and file objections to the order within 14 days after being served with a copy."  FED. R. CIV. P. 72; *see also* D. ME. LOC. R. 72(a) ("Within 14 days of being served with an objection, a party opposing the objection may file a response with an incorporated memorandum of law").  However, an objection is not an opportunity to relitigate the issue by raising novel arguments.  *See Orchard v. United States*, 332 F. Supp. 2d 275, 276 (D. Me. 2004) ("A litigant is not permitted to raise new issues to the district judge in his

6

objections to the recommendation of the magistrate judge") (citing *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)); *Barden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984) ("Parties must take before the magistrate judge 'not only their "best shot" but all of their shots'").

Despite the directive of Local Rule 72(a), the Court will exercise its discretion and consider the contents of Mr. Gilbert's Article I and ADA claims in light of its obligation to liberally construe the filings of a pro se litigant. *See Gakuba v. Frey*, Nos. 23-1084, 23-1095, 2024 U.S. App. LEXIS 18703, at *1 (1st Cir. Apr. 10, 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### 1.   The Article I Claim

The Court turns to the merits of Mr. Gilbert's claim pursuant to Article I and concludes this is a "conclusory legal allegation" which need not be credited. *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)); *see also Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (stating that a court may "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements"). Article I enumerates the powers and duties of the United States Congress; Mr. Gilbert has not directed the Court to a specific provision of Article I that he alleges the Maine DHHS breached by its failure to provide him with a ballot. To be fair to Mr. Gilbert, the Court re-reviewed Article I and found no provision that would authorize the relief he is seeking.

### 2.    The ADA Claim

Mr. Gilbert's objection also claims he is entitled to punitive damages pursuant to the ADA because he identifies as a disabled individual and alleges he was denied the right to vote while in residence at a psychiatric hospital.  Mr. Gilbert does not direct the Court to a specific section of the ADA and the Court thus re-reviewed the statute to see if a particular provision entitles the Plaintiff to relief.

Part of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment."  42 U.S.C. §§ 12111(2), 12112(a).  Federal courts have held that discrimination occurs under this act "when an employer requires a disabled employee to work in an environment where they are abused or treated with hostility because of their disability."  *Johnson v. Whole Foods Mkt. Grp., Inc.*, 657 F. Supp. 3d 158, 174 (D. Me. 2023) (citing *Brader v. Biogen Inc.*, 983 F.3d 39, 59 (1st Cir. 2020)).  Mr. Gilbert does not have a colorable claim of employment discrimination on account of his disability under the ADA.  He does not argue his employer denied him the right to vote or assert that the right to vote is a privilege of employment.  Nor, indeed, does he anywhere allege that the Defendant to this case, Maine DHHS, is his employer.

However, the ADA also contains provisions under Title II that require state and local governments to ensure that people with disabilities have a full and equal opportunity to vote in elections.  To succeed on a claim pursuant to Title II of the ADA, a plaintiff must establish: (1) that he is a qualified individual with a disability;

(2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Parker v. Universidad de P.R.*, 225 F.3d 1, 5 (1st Cir. 2000) (citing 42 U.S.C. § 12132); *see also Doe v. Rowe*, 156 F. Supp. 2d 35, 57-58 (D. Me. 2001) (applying *Parker*, 225 F.3d at 4-5).

First, the Court concludes Mr. Gilbert has pleaded sufficient facts at the motion to dismiss stage to establish he is a qualified individual with a disability. *See* 42 U.S.C. § 12131(2) ("The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity"). Mr. Gilbert may meet the definition of disability under the ADA if he presents proof of any of the following: "(a) a physical or mental impairment which substantially limits one or more of an individual's major life activities; (b) a record of such impairment; or (c) being regarded as having such an impairment." *Calero-Cerezo v. United States DOJ*, 355 F.3d 6, 20 (1st Cir. 2004) (citing 42 U.S.C. § 12102(2) and 29 C.F.R. § 1630.2(g)). As Mr. Gilbert alleges that he was an in-patient at the state's psychiatric hospital in 2022, he would qualify as a person with a disability under the ADA.

Second, Maine DHHS is clearly a "public entity." *See* 42 U.S.C. § 12131(1)(B) ("The term 'public entity' means . . .. any department, agency, special purpose district, or other instrumentality of a State or States or local government").

A closer question is whether Mr. Gilbert has sufficiently alleged that he did not receive his absentee ballot on account of his disability status, as the third prong requires. As just noted, Mr. Gilbert claims that he was an in-patient and in the "custody" of the Riverview Psychiatric Center during the 2022 election. *Compl.* at 7. Mr. Gilbert says he asked the staff for a ballot and signed his name on a list to receive one, but his ballot "never came." *Id.* The Court concludes that Mr. Gilbert has pleaded sufficient facts to survive this initial screening because as a psychiatric in-patient at a state facility, he was dependent upon the state to secure his right to vote, and he alleges that it failed to do so despite his request. The Court concludes that Mr. Gilbert should be allowed to proceed with his claim based on an alleged violation of the voting rights provisions of Title II of the ADA.

### C.    Mr. Gilbert's Additional Attachment

Mr. Gilbert submitted a memorandum as an additional attachment to his objection, after the Court took his objection under advisement. The Court is under no obligation to review this untimely submission and also notes that Federal Rule of Civil Procedure 72, which allows a party to file an objection to an order within fourteen days, says nothing about a party's right, nor the applicable timeline, to file a reply in support of their objection. FED. R. CIV. P. 72. However, the District of Maine Local Rules specify that "[e]xcept by prior order of the Court, no reply

memorandum shall be filed." D. ME. LOC. R. 72(a). Mr. Gilbert has neither sought nor been granted leave to file a reply memorandum.

Nonetheless, in light of the First Circuit's clear directive to district courts to construe pro se filings liberally, *Gakuba*, 2024 U.S. App. LEXIS 18703, at \*1 (citing *Erickson*, 551 U.S. at 94), the Court reviewed the contents of Mr. Gilbert's additional attachment. The memorandum tells the Court Mr. Gilbert has "obtained the grievance proving Riverview failed to get me my ballot (by Riverview's own admission) and the staff I dealt with as a whole are at fault." *Additional Attachs.* at 1 (emphasis in original). The memorandum does not inform the Court which legal claim this factual allegation supports, let alone how it bolsters the claim, and, contrary to its title, it does not attach any additional piece of evidence for the Court to consider. The Court is unsure what to make of this untimely filing but concludes it does not change the result.

## VI.    CONCLUSION

Without ruling on the merits, the Court concludes Mr. Gilbert has raised sufficient allegations in his complaint to warrant a response from the State. The Court thus AFFIRMS in part and REVERSES in part the Magistrate Judge's Recommended Decision After Review of Plaintiff's Complaint (ECF No. 9) and GRANTS in part and OVERRULES in part the Plaintiff's Objection to the Report and Recommended Decision (ECF No. 10). The Court affirms the Recommended Decision on the Fifteenth Amendment claim ruled on by the Magistrate Judge as well as the claims the Plaintiff brings in his objection pursuant to Article I and the ADA's

employment provision.  Although Mr. Gilbert failed to bring his ADA voting rights claim to the Magistrate Judge's attention, the Court reverses the Recommended Decision to the extent it recommends dismissal of Mr. Gilbert's complaint.  Having concluded the complaint partially survives this initial screening, the Court ORDERS that Mr. Gilbert be allowed to proceed with his claim based on an alleged violation of the voting rights provisions of Title II of the ADA.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2024