UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN GRAHAM GILBERT, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MAINE DEPARTMENT OF )<br>HEALTH AND HUMAN SERVICES, )<br>)<br>    Defendant. ) | 2:24-cv-00371-JAW |

**ORDER ON MOTION FOR RECONSIDERATION**

Concluding a prior order from this court determining the plaintiff has standing to seek compensatory damages for non-economic harm under Title II of the Americans with Disabilities Act was not a manifest error of law or fact, the court dismisses the defendant's motion for reconsideration.

**I.    PROCEDURAL HISTORY**

On November 1, 2024, Dustin Graham Gilbert, acting pro se, filed a complaint against the Maine Department of Health and Human Services (Maine DHHS), alleging Maine DHHS violated the Fifteenth Amendment to the United States Constitution by depriving him of his constitutionally guaranteed right to vote while he was in the care of a state-run psychiatric hospital. *Compl.* at 4, 7 (ECF No. 1). Mr. Gilbert specifically claims that, while in civil inpatient residence at Riverview Psychiatric Center (Riverview), he requested but never received a ballot for the November 2022 election, and thus he was unable to cast his vote in that election. *Id.* at 7.

After performing an initial review pursuant to 28 U.S.C. § 1915(e)(2), on December 9, 2024, the United States Magistrate Judge recommended this Court dismiss Mr. Gilbert's complaint for failure to state a claim on which relief can be granted. *Recommended Decision after Rev. of Pl.'s Compl.* (ECF No. 9) (*Rec. Dec.*). Mr. Gilbert objected to the Recommended Decision on December 19, 2024, raising new claims under Article I of the United States Constitution and the Americans with Disabilities Act (ADA). *Obj. to Rep. and Recommended Decision* (ECF No. 10) (*Am. Compl.*[1]). On December 30, 2024, the Court affirmed in part and reversed in part the Recommended Decision and granted in part and overruled in part Mr. Gilbert's objection. *Order on Recommended Decision and Obj.* at 11-12 (ECF No. 12). The Court's order affirmed the Magistrate Judge's recommended ruling on the Fifteenth Amendment claim, as well as on the claims asserted by the Plaintiff in his objection pursuant to Article I and the ADA's employment provision. *Id.* Although Mr. Gilbert had failed to bring his ADA voting rights claim to the Magistrate Judge's attention in his original complaint, the Court reversed the Recommended Decision to the extent it recommended dismissal of Mr. Gilbert's case in its entirety and ordered that he be allowed to proceed on the claim raised in his objection for an alleged violation of the voting rights provision of Title II of the ADA. *Id.*

On March 3, 2025, Maine DHHS filed a motion to dismiss Mr. Gilbert's complaint, as amended by his objection, pursuant to Federal Rule of Civil Procedure

---

[1]   As the Court explains below, it regards Mr. Gilbert's objection, which raised new grounds to relief, as an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

2

12(b)(1) for the Plaintiff's lack of standing and Rule 12(b)(6) for failure to state a claim on which relief can be granted. *Mot. to Dismiss of Def. Dep't of Health & Hum. Servs.* (ECF No. 17) (*Def.'s Mot. to Dismiss*). Mr. Gilbert responded in opposition on March 24, 2025, *Resp. to the State* (ECF No. 20) (*Pl.'s Dismissal Opp'n and Amend Reply*), and, on April 7, 2025, Maine DHHS replied. *Reply Mem. in Further Support of Mot. to Dismiss of Def. Dep't of Health & Hum. Servs.* (ECF No. 21).

Meanwhile, on February 20, 2025, Mr. Gilbert moved to amend his complaint a second time, seeking to augment his complaint with a First Amendment claim pursuant to 42 U.S.C. § 1983. *Mot. to Amend* (ECF No. 16); *see also Additional Attachs.* (ECF No. 18). On March 10, 2025, Maine DHHS opposed Mr. Gilbert's motion, *Def. Dep't of Health & Hum. Servs.' Opp'n to Pl.'s Mot. to Amend Compl.* (ECF No. 19), and on March 24, 2025, Mr. Gilbert replied. *Pl.'s Dismissal Opp'n and Amend Reply*. While the Defendant's motion to dismiss and Mr. Gilbert's motion to amend were still pending, on April 9, 2025, Mr. Gilbert filed a motion to continue "for the reason of a Discovery request to the State." *Mot. for Continuance [B]ased on Disc. Req. to the Def.* at 1 (ECF No. 22).

On April 15, 2025, the Court issued an omnibus order dismissing the Defendant's motion to dismiss based on its conclusion that Mr. Gilbert's Title II claim may be redressable through compensatory damages, dismissing Mr. Gilbert's second motion to amend on the ground that the proposed amendment would be futile, and dismissing the Plaintiff's motion seeking continuance. *Omnibus Order on Def.'s Mot. to Dismiss and Pl.'s Mots. to Amend and to Continue* (ECF No. 23) (*Omnibus Order*).

3

Maine DHHS filed a motion for reconsideration on April 22, 2025, asserting that the Court's determination that compensatory damages may be available to Mr. Gilbert for non-economic harm constituted a manifest error of law, and again urging the Court to dismiss Mr. Gilbert's Title II claim. *Mot. for Recons. of Def. Dep't of Health & Hum. Servs.* (ECF No. 25) (*Def.'s Mot. for Recons.*). Jamesa Drake, Esq. filed a notice of appearance on behalf of Mr. Gilbert on April 25, 2025, *Notice of Appearance* (ECF No. 30), and on April 29, 2025, requested an extension until May 30, 2025 to respond to the motion for reconsideration, *Assented to Mot. to Enlarge Time* (ECF No. 31), which the Court granted the same day. *Order* (ECF No. 32). Mr. Gilbert responded on May 30, 2025. *Resp. to Def.'s Mot. for Recons.* (ECF No. 33) (*Pl.'s Opp'n*). On June 13, 2025, Maine DHHS replied. *Mem. in Support of Dep't of Health & Hum. Servs.' Mot. for Recons.* (ECF No. 34) (*Def.'s Reply*).

## II.   THE PARTIES' POSITIONS

### A.   Maine Department of Health and Human Services' Motion for Reconsideration

Maine DHHS asks the Court to reconsider its conclusion that Mr. Gilbert has standing to proceed because his alleged injury may be redressable through an award of compensatory damages under Title II of the ADA. *Def.'s Mot. for Recons.* at 1 (citing *Def.'s Mot. to Dismiss* at 5-9). Recounting that the Court's omnibus order "ruled that Mr. Gilbert has standing because he pleaded that DHHS engaged in 'deliberate indifference' towards him and, therefore, Mr. Gilbert may be entitled to compensatory damages for non-economic harm," Maine DHHS says the Court's omnibus order "did not address DHHS's argument that, under caselaw from the Supreme Court, [o]ther

4

Circuits, and this Court, Mr. Gilbert is not entitled to compensatory damages for 'mental anguish' or 'mental angst' (emotional distress), a form of non-economic harm and the only injury Mr. Gilbert claims to have had." *Id.* at 2-3 (citing *Omnibus Order* at 22-26).

The Defendant then restates its argument, first raised in its motion to dismiss, that emotional distress damages are not recoverable under Title II, citing *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 216 (2022) for the proposition that "the Supreme Court recently held that emotional distress damages are unavailable in actions arising under the Rehabilitation Act," and asserting further that enforcement of Title II is "linked expressly" to the Rehabilitation Act. *Id.* at 3 (citing *Cummings*, 596 U.S. at 220-30; 42 U.S.C. § 12133). Citing a prior case from this Court, as well as decisions from the Second Circuit, Eleventh Circuit, and the Eastern District of Pennsylvania, the Defendant contends that "because emotional distress damages are not available under the Rehabilitation Act, they are equally unavailable under Title II of the ADA." *Id.* at 3-4 (citing *Faller v. Two Bridges Reg. Jail*, No. 2:21-cv-00063-GZS, 2022 U.S. Dist. LEXIS 134750, at *11 n.8 (D. Me. July 29, 2022) (ruling it likely that *Cummings*'s limitation on type of available compensatory damages extends to Title II) (citation amended); *Doherty v. Bice*, 101 F.4th 169, 173-75 (2d Cir. 2024); *A.W. By & Through J.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1313-15 (11th Cir. 2024); *J.L. v. Lower Merion Sch. Dist.*, No. 20-1416-KSM, 2024 U.S. Dist. LEXIS 233718, at *30 (E.D. Pa. Dec. 30, 2024) (citation amended)).

5

The Defendant concludes, "[g]iven the caselaw cited above and in DHHS's Motion to [D]ismiss, and the fact that the Court's Omnibus Order does not address this issue, DHHS asks the Court to reconsider that Order and rule that Mr. Gilbert lacks standing to pursue his claim for emotional damages or has not plausibly alleged a claim for relief," and accordingly dismiss Mr. Gilbert's claims and deny his motion to amend. *Id.* at 4-5.

### B. Dustin Graham Gilbert's Opposition

Mr. Gilbert opposes Maine DHHS's motion for reconsideration on the ground that "[his] Title II claim is redressable, and this Court's reasoning is sound." *Pl.'s Opp'n* at 1. First, Mr. Gilbert rejects Maine DHHS's argument that the Court improperly determined his Title II claim for non-economic damages is redressable, agreeing with the Court that the First Circuit in *Gray v. Cummings*, 917 F.3d 1 (1st Cir. 2019) instructs that private individuals may recover compensatory damages for intentional discrimination under Title II, which includes damages for non-economic injury "when there is evidence 'of economic harm or animus toward the disabled.'" *Id.* at 1-2 (quoting *Gray*, 917 F.3d at 17). "Accepting the facts alleged in Gilbert's amended complaint," the Plaintiff says, "this Court supportably concluded that his claim seeking compensation for emotional injury could proceed." *Id.* at 2 & n.6. Mr. Gilbert asserts the Supreme Court's holding in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212 (2022) that compensatory damages for emotional distress may not be recovered under the Rehabilitation Act or the Patient Protection and Affordable Care Act does not change the result, recognizing "this Court is obligated

6

to follow binding First Circuit caselaw 'unless it has unmistakably been cast into disrepute by supervening authority,' and *Cummings*, which never even mentions Title II or the ADA, does not fit that bill." *Id.* at 3 & n.9 (quoting *Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004) ("Unless a court of appeals revokes a binding precedent, a district court within that circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority"); citing *Sarzen v. Gaughan*, 489 F.2d 1076, 1082 (1st Cir. 1973) (district courts must take binding pronouncements "at face value until formally altered"); *see also Crowe v. Bolduc*, 365 F.3d 86, 94 (1st Cir. 2004) (district court correctly regarded circuit precedent as "good law" despite Supreme Court dictum that "presaged the demise" of the stated rule)).

Further, Mr. Gilbert argues, "[e]ven if this Court were willing to engage on the merits, its conclusion that emotional distress damages are available to Title II claimants is correct, *Cummings* notwithstanding." *Id.* at 4. Mr. Gilbert explains that *Cummings* concerns Spending Clause statutes, each of which conditions an offer of federal funding on a promise by the recipient not to discriminate, and which views the arrangement as "essentially a contract between the Government and the recipient of funds." *Id.* at 4-5 (quoting *Cummings*, 596 U.S. at 217-19). "The *Cummings* Court held that because emotional distress damages are generally not compensable in contract disputes, a federal funds recipient could not be expected to have known that it might be liable for emotional distress damages when it accepted the funds." *Id.* at 5 (citing *Cummings*, 596 U.S. at 230). Mr. Gilbert observes that "Title II of the ADA

7

is not a Spending Clause statute," and, thus, "[t]he holding in *Cummings*, which rests entirely on an analogy to a contractual relationship between the Government and funds recipients, and the notion that funds recipients have agreed to accept a voluntary obligation, has no application to non-Spending Clause statutes" and is distinguishable. *Id*. at 5-6.

Furthermore, acknowledging that Title II's remedial provision links the remedies available under Title II to the remedies set forth in the Rehabilitation Act, Mr. Gilbert avers, "*Cummings* notwithstanding, Congress clearly intended that the 'full panoply of remedies' should be available for violations of Title II." *Id*. at 7 & n.20 (quoting H.R. Rep. No. 101-485, Part III at 52 (1990)). At bottom, Mr. Gilbert concludes the Court was correct to reject Maine DHHS's argument regarding the availability of compensatory damages for emotinoal harm and it should deny the Defendant's motion for reconsideration. *Id*. at 8.

Next, Mr. Gilbert argues that dismissal is inappropriate even if emotional distress damages were unavailable under Title II. *Id*. "That a plaintiff might misconceive his remedy does not warrant dismissal of the complaint unless he is entitled to 'no relief under any state of facts,'" he insists, *id*. (quoting *A.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024); citing FED. R. CIV. P. 54(c)), adding "Title II claimants are indisputably entitled to *some* compensatory damages." *Id*. at 9 (citing *Alexander v. Sandoval*, 532 U.S. 275, 280-81 (2001)) (emphasis in original). For this reason as well, Mr. Gilbert avers "this Court did not err when it concluded that [his] Title II claim survives." *Id*.

8

## C. Maine Department of Health and Human Services' Reply

Maine DHHS argues Mr. Gilbert "ignores the well-established rule in the First Circuit that 'a decision of the Supreme Court' is an exception to the rule to continue to follow circuit precedent," *Def.'s Reply* at 1 (quoting *Eulitt*, 386 F.3d at 349), an exception to the law of the circuit doctrine Maine DHHS claims is applicable here. *Id.* at 2. More specifically, Maine DHHS reasserts its argument that *Cummings v. Premier Rehab Keller, P.L.L.C.* ruled that damages for emotional distress are unavailable under the Rehabilitation Act, and 42 U.S.C. § 12133 limits the available damages on a Title II action to those set forth in the Rehabilitation Act. *Id.* (citing 42 U.S.C. § 12133).

The Defendant asserts, "[a]lthough Mr. Gilbert is correct that the ADA is not Spending Clause legislation, that distinction is irrelevant because Title II of the ADA expressly links the 'remedies, procedures, and rights' provided by Title II to the 'remedies, procedures, and rights' set forth in the Rehabilitation Act." *Id.* at 2-3. In support, the Defendant points to the Supreme Court's holding in *Barnes v. Gorman*, 536 U.S. 181 (2002) that punitive damages are unavailable under Title II of the ADA because they are unavailable under the Rehabilitation Act, *id.* at 3 (citing *Barnes*, 536 U.S. at 189), decisions from courts of appeal outside the First Circuit that emotional distress damages are not unavailable under Title II, and District Judge George Z. Singal's ruling in *Faller* that *Cummings*'s limitation on the availability of compensatory damages likely extends to Title II. *Id.* at 3-4 (first collecting cases from

9

courts of appeal outside the First Circuit; then citing *Faller*, 2022 U.S. Dist. LEXIS 134750, at *11 n.8 (citation amended)).

Finally, Maine DHHS rejects Mr. Gilbert's assertion that his complaint should be read to request "other relief" so as to survive a motion to dismiss. *Id.* at 4-5.

### III. LEGAL STANDARD

A motion for reconsideration of an interlocutory order is available under District of Maine Local Rule 7(f), but a court may only grant such a motion based upon a "manifest error of fact or law." D. ME. LOC. R. 7(f). A manifest error "is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law," *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004) (citing *Black's Law Dictionary* 563 (7th ed. 1999)), and the First Circuit has instructed that "[t]he granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022); *accord Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) ("Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected"). "To prevail on such a motion, 'a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact.'" *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014)).

10

## IV.   DISCUSSION

By the Court's reckoning, the Defendant asks the Court to reconsider a portion of its April 15, 2025 omnibus order on the grounds that, first, the Defendant believes the Court did not respond to the Defendant's specific argument, raised in its motion to dismiss, that compensatory damages are unavailable to Mr. Gilbert on his claim brought pursuant to Title II of the ADA and, second, the Court's conclusion that Mr. Gilbert has standing to proceed is a manifest error of law. *See Def.'s Mot. for Recons.* at 1-5.

On the first contention, Maine DHHS is mistaken in its assertion that the Court did not address its argument regarding the availability of compensatory damages to the Plaintiff in this case. To the contrary, eight pages of the Court's omnibus order considered the availability of punitive damages, injunctive relief, and compensatory damages for non-economic harm to Mr. Gilbert under Title II of the ADA. *See Omnibus Order* at 18-26. Four of these eight pages specifically addressed the availability of compensatory damages. *Id.* at 23-26. After concluding that neither punitive damages nor injunctive relief were available to Mr. Gilbert under Title II, the Court began its discussion of compensatory damages by stating "[t]he availability of compensatory damages for non-economic harm presents a more challenging question," *id.* at 23, and proceeded to consider whether compensatory damages were available to the Plaintiff under the relevant First Circuit authority. *Id.* at 23-26. The Court disagrees with Maine DHHS's contention that it did not consider the Defendant's argument regarding the availability of this form of relief.

11

Maine DHHS's second line of argument, that the Court's determination that compensatory damages may be available to redress Mr. Gilbert's non-economic harm constitutes manifest error of law, is also unpersuasive. At bottom, the Defendant's argument appears to be that because the Supreme Court has determined compensatory relief for emotional harm is unavailable under § 504 of the Rehabilitation Act, this Court is bound to conclude that Mr. Gilbert does not have a redressable claim for non-economic harm under Title II of the ADA. *Def.'s Mot. for Recons.* at 2-3.

The Court responds with two points. First, the Defendant is correct that Mr. Gilbert alleges he experienced "mental angst" on account of being deprived of his right to vote in the November 2022 election. *Compl.* at 7 ("No physical injuries. Mental injuries, yes, were had. Mental angst is what I felt[,] and contempt. It was especially upsetting to be in a state[-]run hospital and see such a failure. In relief I seek [$]3,000,000 in punitive damages and some sort of remedy to the problem of not getting civil in-patients their ballot that's to the plaintiff's liking"). However, the Court disagrees with the Defendant's characterization that Mr. Gilbert seeks relief for *purely* emotional harm. *Compare Def.'s Mot. for Recons.* at 2-3 (describing emotional distress as "a form of non-economic harm and the only injury Mr. Gilbert claims to have had") *with Am. Compl.* at 2-3 ("My loss is great. I lost the civil right that comes first, the right to vote . . .. It made me feel angst and tremendously defeated[,] like I was less than a citizen") *and id.* at 3 ("voting is the right that builds

12

our nation into a better place to live, work and pursue happiness. It's everything to America").

By the Court's reading of Mr. Gilbert's amended complaint, the primary injury the Plaintiff seeks to redress is the loss of his right to vote, and the Court in its omnibus order accordingly characterized Mr. Gilbert's amended complaint as pleading non-economic harm on account of his alleged voting rights deprivation as well as his "[m]ental injuries" and "[m]ental angst." *Omnibus Order* at 19; *id.* at 23 ("The availability of compensatory damages for non-economic harm presents a more challenging question"); *id.* at 25 (summarizing Mr. Gilbert's allegations, as pleaded in his amended complaint, regarding his efforts to obtain his ballot and his subsequent inability to vote on election day). As the Court noted in its omnibus order, its reading of the amended complaint was consistent with the Supreme Court's repeated instruction that pro se complaints are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), as well as the First Circuit's directive that a court reviewing a Rule 12(b)(6) motion "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff," *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996). *See Omnibus Order* at 16, 20, 33.

Second, as the Court discussed in its omnibus order, the First Circuit, to which this Court owes its allegiance, held in *Gray v. Cummings*, 917 F.3d 1 (1st Cir. 2019), that compensatory damages for non-economic harm are available under Title II based on a showing of deliberate indifference:

13

> Several of our sister circuits have held that a showing of deliberate indifference may suffice to prove this element. *See, e.g., Haberle [v. Troxell]*, 885 F.3d [171,] 181 [(3d Cir. 2018)]; *Duvall [v. Cnty. of Kitsap]*, 260 F.3d [1124,] 1138 [(9h Cir. 2001)]. But the question is open in this circuit, and we have stated that, "under Title II, non-economic damages are only available when there is evidence 'of economic harm or animus toward the disabled.'" *Carmona-Rivera v. Puerto Rico*, 464 F.3d 14, 17 (1st Cir. 2006) (quoting *Nieves-Márquez [v. Puerto Rico]*, 353 F.3d [108,] 126-27 [(1st Cir. 2003)]). This case does not require us to parse whether our use of the word "animus" demands more than a showing of deliberate indifference, *cf. S.H. ex. rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263 (3d Cir. 2013) (interpreting *Nieves-Márquez* as requiring "a higher showing of intentional discrimination than deliberate indifference"), particularly since the Town has not advanced such an argument. For present purposes, it is sufficient for us to assume, favorably to Gray, that deliberate indifference is the appropriate standard.

*Gray*, 917 F.3d at 17.

Relying on *Gray*, this Court concluded, after recounting the facts alleged by Mr. Gilbert in his amended complaint, *Omnibus Order* at 25-26, that he had plausibly alleged the Defendant's discriminatory intent by virtue of its deliberate indifference to his asserted rights for purposes of the Court's ruling on the motion to dismiss. *Id.* at 26; *id.* (quoting *Nieves-Márquez*, 353 F.3d at 126) ("the plaintiffs clear this hurdle because the complaint, with all reasonable inferences drawn in its favor, alleges intentional discrimination. The defendants deny that there was any wrongful intent, but at this stage, we must credit the pleadings").

In its motion for reconsideration, Maine DHHS does not acknowledge the First Circuit's analysis and holding in *Gray*. *See Def.'s Mot. for Recons.* at 1-5. The Defendant also does not cite countervailing authority, let alone any authority, from the First Circuit on damages for non-economic injury. *See id.* Instead, the Defendant

14

primarily relies on a case from the United States Supreme Court which is, of course, binding on this Court. *See Def.'s Mot. for Recons.* at 3-4 (citing *Cummings*, 596 U.S. 212). The problem for Maine DHHS is that *Cummings v. Premier Rehab Keller, P.L.L.C.*, as the Defendant acknowledges, addressed the Rehabilitation Act, not Title II, and considered the availability of damages for emotional distress specifically, not other types of non-economic harm. *See Cummings*, 596 U.S. at 222 (holding "[emotional distress] damages are not recoverable under the Spending Clause statutes we consider here").

While the Court agrees with the Defendant that "[e]nforcement of Title II of the ADA is linked expressly to the Rehabilitation Act," a conclusion also reached by Judge Singal in dicta cited by the Defendant, these are nevertheless distinct statutes and, moreover, the availability of emotional distress damages is a different, and narrower, issue than the availability of damages for non-economic harm. *See Def.'s Mot. for Recons.* at 3-4 (first citing 42 U.S.C. § 12133; then citing *Faller*, 2022 U.S. Dist. LEXIS 134750, at *11 n.8) ("While the parties have not expressly briefed the limits of any compensatory damage award, the Court notes that the Supreme Court recently held that 'emotional distress damages are not recoverable' under the Rehabilitation Act,' [and] [i]t is likely that this limitation on compensatory damages extends to Plaintiff's ADA claim as well") (in turn citing *Cummings*, 596 U.S. at 222) (citation amended)). The Court thus concludes *Cummings v. Premier Rehab Keller, P.L.L.C.* is distinguishable because it addresses a different question than the one presented by the parties in the instant case.

15

The Defendant's citations to decisions from the Second, Third, and Eleventh Circuits, determining compensatory damages for emotional harm were unavailable under Title II, do not change the result. First, as discussed above, the Court regards whether compensatory damages are available for non-economic harm as distinct from the question of whether compensatory damages are available for purely emotional harm. Second, the caselaw cited by Maine DHHS does not bind this Court, particularly where the First Circuit reached a conflicting conclusion in *Gray*.

In sum, absent clear language from the Supreme Court or the First Circuit that *Gray v. Cummings*, 917 F.3d 1, is no longer good law, the Court determines its reliance on this precedent was not a "manifest error of fact or law" warranting reconsideration under Local Rule 7(f). D. ME. LOC. R. 7(f).

## V. CONCLUSION

The Court DISMISSES without prejudice Motion for Reconsideration of Defendant Department of Health and Human Services (ECF No. 25).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2025